UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.                                     CAUSE NO. 3:19-CV-853-RLM-MGG

D.O.C., et al.,

    Defendants.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed this lawsuit alleging that he was denied medical treatment and almost suffered an asthma attack on September 20, 2019, because he refused to allow the transporting officer to use a "dog leash" on him during his transport to the medical department. (ECF 1.) The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Cleveland indicates that he filed a grievance, but he filed this complaint the same day that the incident occurred. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 534 U.S. at 524, *citing* Booth v. Churner, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

Dole v. Chandler, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The court of appeals held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing* Porter v. Nussle, 534 U.S. at 525.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." Early v. Bankers Life and Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Mr. Cleveland has done that. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Mr. Cleveland filed this action the same day as the alleged events, and before he could have exhausted his administrative remedies. Therefore, this case cannot

proceed. If Mr. Cleveland can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on January 23, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT